**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHRISTINA MARIE GRAYSON,

Plaintiff,

v. Case No. 6:25-cv-585-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

## I. Status

Christina Marie Grayson ("Plaintiff"), who originally was found to be disabled by the Social Security Administration ("SSA"), is pro se appealing the SSA's final decision final determination that as of November 30, 2022, she was no longer disabled and therefore ineligible for continued disability insurance benefits ("DIB"). Plaintiff was initially found to be disabled beginning February 13, 2018 because of post-traumatic stress disorder, anxiety, depression, bipolar disorder, degenerative disc disease of the lumbar spine, and headaches.

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed June 16, 2025; Reference Order (Doc. No. 11), signed June 20, 2025 and entered June 23, 2025.

Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed August 1, 2025, at 160. The original finding of disability was based on an application for DIB protectively filed on November 9, 2018. Tr. at 129, 144, 160-65; see Tr. at 326-30 (application).

The SSA conducted a review of Plaintiff's disability status, see 20 C.F.R. §§ 404.1594(a), 416.994(a), and made an initial determination on November 30, 2022 that Plaintiff was no longer disabled as of that same date, Tr. at 97-106, 107, 166-68. Plaintiff sought reconsideration. Tr. at 172. On reconsideration, the SSA made the same determination. Tr. at 108-17, 118. The matter was referred to a State Agency Disability Hearing Officer, who issued a decision on January 17, 2024 upholding the SSA's earlier determination that the disability had ceased. Tr. at 119-28, 189-97, 198-99.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 200. On September 12, 2024, an ALJ held a hearing,[2] during which Plaintiff represented herself[3] and Plaintiff and a vocational expert ("VE") testified. See Tr. at 35-72.[4] The ALJ issued a Decision on November 1,

---

[2] The hearing was held via telephone with Plaintiff's consent. Tr. at 37-38, 320, 506.

[3] The ALJ explained to Plaintiff the right to be represented by an attorney or a non-attorney. Tr. at 39-40; see also Tr. at 219-24, 253-54, 264-65 (written correspondence explaining right to representation and listing possible representatives). Plaintiff agreed to waive the right to representation. Tr. at 40.

[4] The administrative transcript also contains the transcript of the hearing from July 22, 2019, Tr. at 73-96, upon which the original finding of disability was made. Tr. at 160-65.

2024, finding that Plaintiff's disability ended on November 30, 2022 and Plaintiff did not become disabled again afterwards. Tr. at 13-28.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and Orders), 8-9 (request for review). On February 14, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On April 3, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff argues on appeal generally that the ALJ's Decision to cease her DIB is unsupported by substantial evidence. See Plaintiff's Brief (Doc. No. 19; "Pl.'s Br."), filed February 20, 2026, at 1. Plaintiff also references medical evidence she submitted to this Court that was not in existence until after this case was initiated. Id. at 2; see Notice (Doc. No. 17; "Medical Evidence"), filed February 13, 2026. The Court construes the reference to the Medical Evidence as a request to remand the matter pursuant to sentence six of 42 U.S.C. § 405(g), which allows for remand for further administrative proceedings upon a showing

that there is new and material evidence and there is good cause for the failure to submit it at the administrative level.[5]

Responding to Plaintiff's assertions, Defendant argues that the ALJ's Decision, including the assigned residual functional capacity ("RFC"), is supported by substantial evidence. See Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem."), filed March 20, 2026, at 6-12.[6] Moreover, Defendant contends the Medical Evidence submitted to this Court is not material and does not warrant remand for further consideration. Id. at 12-14. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

An ALJ typically follows a five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations") when deciding whether an individual is disabled,[7] determining as appropriate whether the claimant (1) is

---

[5] Simultaneous with the filing of Plaintiff's Brief, Plaintiff moved for additional time to file the brief. See Proposed Order for Enlargement of Time (Doc. No. 18; "Motion to Extend"), filed February 20, 2026. But, the Court had previously extended Plaintiff's filing deadline until March 6, 2026 (Doc. No. 16), and Plaintiff's brief was filed before that deadline. Accordingly, the Motion to Extend (Doc. No. 18) is **DENIED as moot**.

[6] In violation of Local Rule 1.08, both parties' filings lack page numbers. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

[7] "Disability" is defined in the Social Security Act as the "inability to engage in

(Continued…)

currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

When the ALJ is determining whether a disability has ended, however, the Regulations mandate following a different sequential inquiry. See 20 C.F.R. §§ 404.1594(f), 416.994(b). This sequential inquiry asks, in substance, whether the claimant (1) is engaging in substantial gainful activity (for DIB cases; for SSI cases this step is eliminated); (2) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (3) has experienced medical improvement; (4) has experienced medical improvement that is related to the ability to work; (5) has experienced medical improvement, but an exception to the medical improvement applies; (6) has

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

current impairments that when considered in combination are severe; (7) can perform past relevant work; and (8) can perform other work that exists in the national economy. See 20 C.F.R. §§ 404.1594(f), 416.994(b).[8]

Here, the ALJ found as follows:

> 1. The most recent favorable medical decision finding that [Plaintiff] was disabled is the decision dated August 5, 2019. This is known as the "comparison point decision" or CPD.
>
> 2. At the time of the CPD, [Plaintiff] had the following medically determinable impairments: anxiety disorder, depressive and bipolar disorders, posttraumatic stress disorder (PTSD), alcohol abuse, degenerative disc disease of the lumbar spine, and headaches. These impairments were found to result in the [RFC] to perform less than the full exertional range of light work as defined in 20 CFR [§] 404.1567(b). [Plaintiff] must avoid concentrated exposure to extreme cold, noise, vibration, fumes, odors, dust, gases, poor ventilation, and hazards. [She] is able to perform simple and repetitive tasks and understand and recall simple instructions. The jobs should not require quota-based production or fast-paced production. [She] can occasionally interact with coworkers and supervisors, but she should never interact with the general public. [She] is able to adapt to a work environment where there are minimal changes. [She] would be absent over two (2) times a month due to the severity of her impairments.
>
> 3. Through the date of th[e D]ecision, [Plaintiff] has not engaged in substantial gainful activity.
>
> 4. The medical evidence establishes that [Plaintiff] did not develop any additional impairments after the CPD through the date

---

[8] "When considering a case for termination or cessation of benefits, . . . the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the [p]laintiff had experienced 'medical improvement.'" Townsend v. Comm'r of Soc. Sec., No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015) (unpublished) (emphasis omitted) (citing Simpson v. Schweiker, 691 F.2d 966, 969 (11th Cir. 1982), superseded by statute on other grounds as stated in Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1214 (11th Cir. 1991); Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986).

> of th[e D]ecision. Thus, [Plaintiff] has continued to have the same impairments that she had at the time of the CPD.

Tr. at 15 (emphasis and citations omitted).

The ALJ then engaged in the rest of the steps in the sequential inquiry. At step two, the ALJ determined that "[s]ince November 30, 2022, [Plaintiff] has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted). At step three, the ALJ found that "[m]edical improvement occurred on November 30, 2022." Tr. at 18 (emphasis and citation omitted).

The ALJ then assessed Plaintiff's RFC since November 30, 2022:

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except she should never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, or crawl; she could not operate a motor vehicle as part of her job duties; and she could have no exposure to unprotected heights or dangerous moving machinery. She could perform simple work tasks with occasional interactions with coworkers, supervisors, and the public and occasional changes in the work setting.

Tr. at 20 (emphasis omitted).

At step four, the ALJ found that Plaintiff's "medical improvement is related to the ability to work because it resulted in an increase in [Plaintiff's RFC]." Tr. at 26 (emphasis and citation omitted). At step five, although not explicitly stated, it can be inferred from the Decision that the ALJ found no

exceptions apply to the medical improvement. At step six, the ALJ found that "[s]ince November 30, 2022, [Plaintiff] has continued to have the same severe impairments or combination of impairments." Tr. at 26 (emphasis and citation omitted).

At step seven, the ALJ found Plaintiff "has no past relevant work." Tr. at 26 (some emphasis and citation omitted). The ALJ then proceeded to step eight and, after considering Plaintiff's age ("a younger individual"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the testimony of the VE and found that "[s]ince November 30, 2022, . . . [Plaintiff] has been able to perform a significant number of jobs in the national economy," such as "Housekeeping Cleaner," "Price Marker," and "Routing Clerk." Tr. at 26-27 (some emphasis and citation omitted). The ALJ concluded that Plaintiff's "disability ended on November 30, 2022, and [Plaintiff] has not become disabled again since that date." Tr. at 27 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to cessation of disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir.

1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). The key is "whether the [Commissioner's] finding of improvement to the point of no disability is supported by substantial evidence." Simpson, 691 F.2d at 969. It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

In a cessation of benefits case, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." McAulay v. Heckler, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. §§ 404.1594(b)(1), 416.994(b)(1). To make the required finding of medical improvement prior to terminating benefits, an ALJ must "evaluate the medical evidence upon which [the claimant] was originally found to be disabled," and compare it with the newer medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984); see also Simone v. Comm'r of Soc. Sec. Admin., 465 F. App'x 905, 908 (11th Cir. 2012) (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)).

Here, the administrative transcript contains medical evidence pre-dating the CPD, see generally Tr. at 581-1191, and the ALJ engaged in the appropriate comparison of pre- and post-CPD evidence, see Tr. at 18-20. The ALJ detailed the original findings upon which the disability determination was made and explained in detail why "the medical evidence of record demonstrates that [Plaintiff's] condition improved and she thus has the capacity to perform work related activities." Tr. at 18. Relying on the current medical evidence and

opinions, ALJ assessed Plaintiff's RFC. Tr. at 20. The ALJ also found that Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms . . . are inconsistent because the medical evidence fails to substantiate the asserted limitations or document a level of functional restriction incompatible with sustained work activity." Tr. at 23.

Ultimately, after considering all of the evidence, including Plaintiff's VA service-connected disability rating, the ALJ found Plaintiff is able to perform light work with additional restrictions. Tr. at 20, 26. These findings are supported by substantial evidence and need not be disturbed.

As for the Medical Evidence Plaintiff submitted to this Court, under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." <u>Ingram v. Comm'r of Soc. Sec.</u>, 496 F.3d 1253, 1267 (11th Cir. 2007).

If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. <u>Id.</u> at 1268 (quotation and citation omitted). To meet the showing

required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder, 791 F.2d at 877 (quotation and citation omitted); see also, e.g., Hunter v. Soc. Sec. Admin, Comm'r, 808 F.3d 818, 821 (11th Cir. 2015); Ingram, 496 F.3d at 1269; Cherry v. Heckler, 760 F.2d 1186, 1192 (11th Cir. 1985).

Defendant challenges only whether the Medical Evidence is material. See Def.'s Mem. at 12-14. Upon review, the Court finds that this evidence is not material because it does not carry a reasonable possibility of changing the administrative result. The ALJ's Decision is dated November 1, 2024. See Tr. at 28. The administrative proceedings were complete when Plaintiff initiated this action on April 3, 2025. See Complaint (Doc. No. 1). Yet, the earliest date of any of the Medical Evidence is months after the initiation of this lawsuit. It simply does not carry a reasonable possibility of changing the ALJ's findings regarding Plaintiff's medical improvement.[9] A remand for further proceedings under sentence six of 42 U.S.C. § 405(g) is not warranted.

---

[9] Obviously, Plaintiff is free to initiate a new benefits application with the SSA and submit this Medical Evidence in support of the application. The Court expresses no opinion on the merits of any forthcoming application.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. Moreover, the Medical Evidence submitted to this Court is not material, so a sentence six remand is not appropriate. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 4, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record
Pro se Plaintiff